**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

| | |
|---|---|
| **IN RE:**<br><br>**AMR ELRAHIMY,**<br><br>**Debtor.** | **Case No. 23-11097-LSS**<br>**Chapter 7** |
| **IN RE:**<br><br>**OPTIMUM CONSTRUCTION, INC.**<br><br>**Debtor.** | **Case No. 23-11027 -LSS**<br>**Chapter 7** |
| **STEVEN GREENFELD, Chapter 7 Trustee,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**MOHAMMAD RAOUF ELRAHIMY,**<br>**23909 CLARKSBURG RD**<br>**CLARKSBURG MD 20871**<br><br>**Defendant** | **Adv. Proc. No ___________** |

**COMPLAINT FOR RECOVERY OF TRANSFERS**

COMES NOW, Steven Greenfeld, the Chapter 7 trustee ("Trustee") for the bankruptcy estates of Amr Elrahimy and Optimum Construction, Inc., by and through counsel, McNamee Hosea, P.A., and files his Complaint for Recovery of Transfers, and in support thereof, states as follows:

## PARTIES AND JURISDICTION

1. This Adversary Proceeding arises from the Chapter 7 Bankruptcy Cases of Amr Elrahimy ("Elrahimy"), Case No. 23-11097-LSS and Optimum Construction, Inc., Case No. 23-11027-LSS ("Optimum," and collectively with Elrahimy, the "Debtors"), which are currently pending in this Court. Elrahimy was the 100% owner of Optimum.

2. Optimum filed for Chapter 7 bankruptcy on February 16, 2023 (the "Petition Date"). Elrahimy filed for Chapter 7 bankruptcy on February 20, 2023.

3. Steven Greenfeld is the Chapter 7 trustee for both Debtors.

4. Mohammed Raouf Elrahimy ("Defendant") is the father of Elrahimy.

## FACTUAL BACKGROUND

5. Within three years of the Debtors' bankruptcy, the Debtors made the transfers listed on Exhibit A (the "Transfers") [1] to Defendant. The payments were made either directly by the Debtors or by intermediaries controlled by Elrahimy, including Optimum Interiors, Inc., and Optimum Group, Inc., but always with funds transferred directly or indirectly to them by the Debtors.

6. The Debtors had no known significant assets at any time within the three years before the bankruptcies.

7. During the three years prior to the Debtors' bankruptcy, the Debtors' financial

---

1 Exhibit A reflects the Trustee's current knowledge of the Transfers (made by check, wire transfer or their equivalent) to the Defendant during the three years before the bankruptcies. During the course of this proceeding, the Trustee may learn (through discovery or otherwise) of additional transfers made to the Defendant during the three years before the bankruptcies. It is the Trustee's intention to avoid and recover all such transfers, whether such transfers are presently reflected on Exhibit A or not. Accordingly, the Trustee reserves his rights to supplement and/or amend this information as necessary and appropriate.

statements reflect negative income.

8. The Debtors' schedules reflect millions of dollars of debt, including debts for customer deposits where no work was done, and insignificant assets.

9. During the three years prior to the Debtors' bankruptcy, the Debtors were routinely sued by their customers for failure to perform work, incomplete work, and improper work.

10. For example, between December 2020 and November 2021, the Debtors took over $300,000.00 from one consumer but provided less than $30,000.00 in work and failed to return the over $270,000.00 in deposits and advanced payments to the consumer.

11. Additionally, during that same time period, the Debtors took over $70,000.00 from another consumer but performed less than $10,000.00 in work and failed to return the deposits and advanced payments to the consumer.

12. The Transfers were made within three years of the Debtors' bankruptcy during which time they were in debt to numerous creditors, including but not limited to the Small Business Administration and other creditors listed on the Debtors' schedules.

13. Defendant provided no known consideration for the Transfers.

**COUNT I**
**(Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. § 548(a)(1)(A))**

14. Plaintiff incorporates by reference, as if fully restated herein, the preceding allegations of the Complaint.

15. The Transfers were made with the intent to hinder, delay, and defraud creditors.

**WHEREFORE**, the Plaintiff requests that judgment be entered,

a. Avoiding the Transfers made within two years of the bankruptcy as fraudulent transfers pursuant to 11 U.S.C. § 548(a)(1)(A).

b. Granting judgment against the Defendant pursuant to 11 U.S.C. § 550 in the amount equal to the transfers that Defendant received within two years of the bankruptcy, plus attorneys' fees and costs.

**COUNT II**
**(Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. § 548(a)(1)(B))**

16. Plaintiff incorporates by reference, as if fully restated herein, the preceding allegations of the Complaint.

17. The Debtors were insolvent at the time of the Transfers.

18. At the time of the Transfers, the Debtors were engaged in businesses or transactions for which any property remaining with the Debtors was an unreasonably small capital.

19. At the time of the Transfers, the Debtors intended to incur, or believed the Debtors would incur, debts beyond the Debtors ability to pay as they matured.

20. The Transfers were made without fair consideration.

**WHEREFORE**, Plaintiff requests that judgment be entered,

a. Avoiding the Transfers that Defendant received within two years of the bankruptcy as fraudulent transfers pursuant to 11 U.S.C. § 548(a)(1)(B); and

b. Granting judgment against the Defendant pursuant to 11 U.S.C. § 550 in an amount equal to the Transfers that Defendant received, plus attorneys' fees and costs.

**COUNT III**
**(Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. § 544, Md. Comm. Law Code § 15-204)**

21. Plaintiff incorporates by reference, as if fully restated herein, the preceding allegations of the Complaint.

22. There exists at least one creditor, including but not limited to the Small Business

Administration and others listed on the Debtors' schedules, who had an allowable claim against the Debtors as of the date of the Transfers and the Petition Date.

23. The Transfers were made without a fair consideration and, at the time said Transfers were made, the Debtor was insolvent or was rendered insolvent by said Transfer.

**WHEREFORE**, Plaintiff requests that judgment be entered,

a. Avoiding the Transfers as fraudulent transfers pursuant to 11 U.S.C. § 544 and Md. Comm. Law Code § 15-204; and

b. Granting judgment against the Defendant pursuant to 11 U.S.C. § 550 in the amount equal to the Transfers that Defendant received, plus attorneys' fees and costs.

**<u>COUNT II</u>**
**(Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. § 544, Md. Comm. Law Code § 15-205)**

24. Plaintiff incorporates by reference, as if fully restated herein, the preceding allegations of the Complaint.

25. There exists at least one creditor, including but not limited to the Small Business Administration and others listed on the Debtors' schedules, who had an allowable claim against the Debtors as of the date of the Transfers and the Petition Date.

26. The aforesaid Transfers were made without a fair consideration and, at the time of said Transfers, the property remaining in the hands of the Debtors was unreasonably small capital for a person engaged or about to engage in a business such as that of the Debtors.

**WHEREFORE**, Plaintiff requests that judgment be entered,

a. Avoiding the Transfers as fraudulent transfers pursuant to 11 U.S.C. § 544 and Md. Comm. Law Code § 15-205; and

b. Granting judgment against the Defendant pursuant to 11 U.S.C. § 550 in the amount

equal to the Transfer that Defendant received, plus attorneys' fees and costs.

**COUNT V**
**(Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. § 544, Md. Comm. Law Code § 15-206)**

44. Plaintiff incorporates by reference, as if fully restated herein, the preceding allegations of the Complaint.

45. There exists at least one creditor, including but not limited to the Small Business Administration and others listed on the Debtors' schedules, who had an allowable claim against the Debtors as of the date of the Transfers and the Petition Date.

46. The aforesaid Transfer was made by the Debtors in prejudice of the rights of present creditors.

**WHEREFORE**, Plaintiff requests that judgment be entered,

a. Avoiding the Transfers as fraudulent transfers pursuant to 11 U.S.C. § 544 and Md. Comm. Law Code § 15-206; and

b. Granting judgment against the Defendant pursuant to 11 U.S.C. § 550 in the amount equal to the Transfers that Defendant received, plus attorneys' fees and costs.

**COUNT VI**
**(Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. § 544, Md. Comm. Law Code § 15-207)**

47. Plaintiff incorporates by reference, as if fully restated herein, the preceding allegations of the Complaint.

48. There exists at least one creditor, including but not limited to the Small Business Administration and others listed on the Debtors' schedules, who had an allowable claim against

the Debtors as of the date of the Transfers and the Petition Date.

49. The aforesaid Transfer was made by the Debtor with the intent to hinder, delay and defraud creditors.

**WHEREFORE**, Plaintiff requests that judgment be entered,

a. Avoiding the Transfers as fraudulent transfer pursuant to 11 U.S.C. § 544 and Md. Comm. Law Code § 15-207; and

b. Granting judgment against the Defendant pursuant to 11 U.S.C. § 550 in the amount equal to the Transfer that Defendant received, plus attorneys' fees and costs.

**COUNT VII**
**(In the Alternative, Avoidance and Recovery of Transfer Pursuant to 11 U.S.C. § 547)**

50. Plaintiff incorporates by reference, as if fully restated herein, the preceding allegations of the Complaint.

51. In the alternative, to the extent that the Transfers were made on the account of an antecedent debt the Debtors owed prior to the Transfers being made, the Transfers made within one year of the bankruptcy are a preference.

52. The Debtors were insolvent at the time of the Transfers.

53. The Transfers were made to Defendant, who is the Elrahimy's father, and is thus, an insider.

54. The Transfers enabled Defendant to receive more than he should have received if the Debtor had filed Chapter 7 and the Transfers had not been made and Defendant received payment to the extent provided by this title.

**WHEREFORE**, Plaintiff requests that judgment be entered,

a. Avoiding the Transfers received within one year of the bankruptcies as preferences

pursuant to 11 U.S.C. § 547.

b. Granting judgment against the Defendant pursuant to 11 U.S.C. § 550 in the amount equal to the Transfers that Defendant received within one year of the bankruptcies, plus attorneys' fees and costs.

Dated: February 15, 2025

Respectfully submitted

/s/ Justin P. Fasano
Justin P. Fasano (Bar No. 28659)
McNamee Hosea, P.A.
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770
Tel: 301-441-2420
jfasano@mhlawyers.com
*Counsel for Plaintiff*

**EXHIBIT A**

| Date | Transferor | Account | Amount |
|---|---|---|---|
| 6/2/2020 | Optimum Construction, Inc. | 4404 | $20,000. |
| 6/2/2020 | Optimum Construction, Inc. | 4406 | $20,000.00 |
| 6/2/2020 | Optimum Construction, Inc. | 4405 | $20,000.00 |
| 6/4/2020 | Optimum Construction, Inc. | 4410 | $10,000.00 |
| 6/4/2020 | Optimum Construction, Inc. | 4411 | $17.12 |
| 8/17/2020 | Optimum Construction, Inc. | 4522 | $27,600.00 |
| 10/20/2020 | Optimum Construction, Inc. | 4614 | $45,000.00 |
| 8/25/2021 | Optimum Investment Inc | 1064 | $25,000.00 |
| 11/11/2022 | Optimum Interiors, Inc | 1030 | $2,500.00 |
| 11/29/2022 | Optimum Interiors, Inc | 1162 | $2,500.00 |
| 9/1/2020 | Optimum Investment Inc | 1042 | $44,200.00 |
| 12/22/2021 | Optimum Construction, Inc. | 1629 | $40.00 |
| 12/22/2021 | Optimum Construction, Inc. | 1630 | $8,800.00 |
| 2/15/2022 | Optimum Group, Inc | 1001 | $15,000.00 |
| 4/28/2022 | Optimum Group, Inc | 1003 | $10,000.00 |
| 7/22/2022 | Optimum Group, Inc | 1005 | $30,000.00 |
| 8/9/2022 | Optimum Group, Inc | 1007 | $3,500.00 |
| 11/28/2022 | Optimum Group, Inc | 1010 | $10,000.00 |
| 5/21/2020 | Optimum Construction, Inc. | 4382 | $10,000.00 |
| 6/22/2020 | Optimum Construction, Inc. | 4441 | $8,750.00 |
| 6/23/2020 | Optimum Construction, Inc. | 4445 | $6,800.00 |
| 1/6/2021 | Optimum Construction, Inc. | 1040 | $10,000.00 |
| | Total | | $399,707.12 |