**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

| | |
|---|---|
| In re:<br><br>AMR ELRAHIMY,<br><br>*Debtor*. | Case No. 23-11097-LSS<br>Chapter 7 |
| In re:<br><br>OPTIMUM CONSTRUCTION, INC.,<br><br>*Debtor*. | Case No. 23-11027-LSS<br>Chapter 7 |
| STEVEN GREENFELD, CHAPTER 7 TRUSTEE,<br><br>*Plaintiff*,<br><br>vs.<br><br>MOHAMMAD RAOUF ELRAHIMY,<br><br>*Defendant*. | Adv. Proc. No. 25-00046-LSS |

**MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT**
**BETWEEN THE TRUSTEE AND MOHAMMAD RAOUF ELRAHIMY**

COMES NOW Steven Greenfeld, Chapter 7 Trustee (the "Trustee") of the bankruptcy estates of Amr Elrahimy and Optimum Construction, Inc. (together, the "Debtors"), as plaintiff (the "Plaintiff") in the above captioned adversary proceeding, by and through undersigned counsel, McNamee Hosea, P.A., and pursuant to Federal Rule of Bankruptcy Procedure 9019, files this *Motion for Approval of Compromise and Settlement between the Trustee and Mohammad Raouf Elrahimy* (the "Motion"), respectfully submits the following:

1. This bankruptcy cases for the Debtors Optimum Construction, LLC and Amr Elrahimy commenced on February 16, 2023 and February 20, 2023, respectively (the "Petition Dates"), when the Debtors each filed a voluntary petition for bankruptcy relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

2. Steven Greenfeld is the duly appointed Chapter 7 trustee for the estate of the Debtors.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

4. On February 15, 2025, Plaintiff filed his *Complaint for Recovery of Transfers* pursuant to 11 U.S.C. §§ 544, 547, 548 and 550, and Md. Comm. Law Code §§ 15-204, 15-205, 15-206, and 15-207, against the defendant Mohammad Raouf Elrahimy (the "Defendant") (Dkt. no. 1). Defendant was the father of Amr Elrahimy, the owner of Optimum Construction, Inc.

5. In the Complaint, Plaintiff sought court authority to avoid transfers from the Debtors to Defendant made more than two (2) but within three (3) years prior to the Petition Dates totaling $399,707.12. All of the transfers were made by Optimum Construction, Inc. more than two but less than three years before the bankruptcy, meaning they would only be recoverable under state law fraudulent conveyance theories, not 11 U.S.C. § 547.

6. The Defendant has denied all liability and asserted various defenses to the Trustee's claims.

7. After good faith, arm's-length negotiations, the Trustee and the Defendant entered into a Settlement Agreement (the "Agreement"), subject to approval by this Court.

8. A true and correct copy of the fully executed Agreement is attached hereto as **Exhibit A**.

9. The principal terms of the Agreement are as follows:

a. Defendant will pay to the Trustee, for the estate of Optimum Construction, Inc. the total sum of $12,500.00 (the "Payment"). The Payment shall come by way of four (4) equal installments of $3,125.00, to be paid on or before September 18, 2026, October 2, 2026, October 16, 2026, and October 30, 2026. The Payment installments shall be made payable to *Steven Greenfeld, Chapter 7 Trustee for Optimum Construction, Inc.*, and sent to Justin P. Fasano, Esq., McNamee Hosea, P.A., 6404 Ivy Lane, Suite 820, Greenbelt MD 20770. This Agreement shall be not be binding on the Trustee until the entry of a final and non-appealable order of the Bankruptcy Court approving the terms and conditions of the Agreement pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Final Order"). In the event that the Bankruptcy Court denies approval of this Agreement, then the Agreement shall be null and void. Nothing contained herein shall require any Party to appeal disapproval of this Agreement. Within fifteen (15) calendar days following the Payment and approval of the Agreement, the Parties shall file a stipulation of dismissal of the Adversary Proceeding.

b. Upon receipt by the Trustee of the Payment in full and approval of this Agreement by the Bankruptcy Court, the Trustee, on behalf of the Debtors' estates, shall release and forever discharge Defendant and Defendant's agents,

officers, consultants, employees, legal counsel, accountants, financial advisors, and representatives of any kind (collectively, "Defendant's Released Affiliates"), from each and every right, claim, debt, cause of action, demand, suit for damages, liability, legal fee, act or right of action of any nature whatsoever, whether asserted or unasserted, known or unknown, that the Debtors or the Trustee made, could have made, or is able to make against Defendant or Defendant's Released Affiliates arising under, relating to or concerning the Preference Claims through the date hereof, provided that the foregoing release will not apply to any obligation arising under this Agreement or to claims arising from or relating to the breach of this Agreement. The release contained in this paragraph only applies to Defendant and Defendant's Released Affiliates but does not release any other person to whom the Trustee has sent a demand letter or filed an adversary proceeding.

c. Upon payment in full of the Payment and approval of this Agreement by the Bankruptcy Court, Defendant hereby releases and forever discharges (i) the Trustee, (ii) the Debtors, and (iii) any agents, officers, consultants, employees, legal counsel, accountants, financial advisors, and representatives of any kind of the Debtors and/or the Trustee (collectively, the "Trustee's Released Affiliates"), from each and every right, claim, debt, cause of action, demand, suit for damages, liability, legal fee, act or right of action of any nature whatsoever, whether asserted or unasserted, known or unknown, that Defendant made, could have made, or is able to make against the Trustee, the Debtors, the Debtors' estate or the Trustee's Released Affiliates arising under, relating to or

concerning the Preference Claims, including any claim against the Debtors' estate pursuant to 11 U.S.C. § 502(h), except that nothing herein releases the proof of claim filed by Defendant, provided that the foregoing release will not apply to any obligation arising under this Agreement or to claims arising from or relating to the breach of this Agreement.

10. By this Motion, the Trustee seeks approval of the Agreement, as described above, pursuant to Bankruptcy Rule 9019, and authorization to take all actions necessary to implement its terms.

11. This Court may authorize parties to settle disputes in accordance with Bankruptcy Rule 9019, which provides in pertinent part that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). As a general rule, the law favors settlement agreements between parties. *See In re Frye*, 216 B.R. 166, 172 (Bankr. E.D. Va. 1997) (*citing Richardson v. Richardson*, 10 Va. App. 391, 399 (1990)); *Marandas v. Bishop (In re Sassalos*), 160 B.R. 646, 653 (D. Or. 1993) (finding that compromises are generally favored in bankruptcy). In order to approve a settlement, the court must look at various factors to determine whether the settlement is in the best interest of the estate and whether it is fair and equitable. *See In re Frye*, 216 B.R. at 174; *accord In re Austin*, 186 B.R. 397, 400 (Bankr. E.D. Va. 1995); *see also St. Paul Fire & Marine Ins. Co. v. Vaughn (In re Vaughn)*, 779 F.2d 1003, 1010 (4th Cir. 1985) (approving settlement where it was "in the best interests of the estate as a whole").

12. A court should approve a settlement unless the settlement falls "below the lowest point in the range of reasonableness." *Austin,* 186 B.R. at 400 (citations omitted). A settlement may be approved even if the court finds it likely that the trustee or debtor would ultimately succeed

in the litigation. *Id*. In determining whether a proposed settlement is in the best interest of the estate, the Bankruptcy Court is not to substitute its judgment for that of the movant, nor is it the Court's responsibility to decide the numerous questions of law and fact, but "rather to canvass the issues and see whether the settlement 'falls below the lowest point in the range of reasonableness . . . .'" *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983) (citation omitted); see also *In re Tennol Energy Co.*, 127 B.R. 820 (Bankr. E.D. Tenn. 1991).

13. The Agreement is in the best interests of the estate and its creditors and should be approved pursuant to Bankruptcy Rule 9019. After conducting discovery, including the deposition of the Defendant, it was determined that the Defendant contributed more funds to the Debtor than the Debtor paid Defendant. While there was no documentation for the transfers, this is not atypical for loans between family members. Defendant, who is elderly, also asserted that he was functionally insolvent, meaning any judgment would likely be unrecoverable. The Agreement guarantees the estate a monetary recovery without the need for protracted litigation or collection efforts.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order approving the Agreement and granting such other and further relief as the Court deems just and proper.

Dated: September 15, 2026

Respectfully Submitted,

*/s/ Justin P. Fasano*

Justin P. Fasano (#28659)
McNamee Hosea, P.A.
6404 Ivy Lane, Suite 820
Greenbelt, Maryland 20770
(301) 441-2420
jnesse@mhlawyers.com
jfasano@mhlawyers.com
*Counsel to the Trustee*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2026, a true and correct copy of the foregoing *Motion for Approval of Compromise and Settlement between the Trustee and Mohammad Raouf Elrahimy* was served by first class, postage prepaid, upon the following parties:

Office of the U.S. Trustee
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770

Marc E. Shach
Coon & Cole, LLC
1301 York Road, Suite 400
Lutherville, Maryland 21093
Phone: 410-630-4428
mes@cooncolelaw.com
*Counsel to Mohammad Raouf Elrahimy*

*/s/ Justin P. Fasano*
Justin P. Fasano