# SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (hereinafter the "Agreement") is made this 10 day of September, 2026, by and between Steven Greenfeld, in his capacity as the Chapter 7 Trustee (the "Trustee") of the Chapter 7 bankruptcy estate of Amr Elrahimy ("Amr") and Optimum Construction, Inc. ("Optimum," and collectively with Amr, the "Debtors"), on the one hand, and Mohammad Raouf Elrahimy ("Defendant") on the other hand. The Trustee and Defendant are referred to hereinafter collectively as the "Parties."

## RECITALS

### The Debtor

WHEREAS, on February 16, 2023 (the "Optimum Petition Date"), Optimum filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Maryland (the "Bankruptcy Court") (Case No. 23-11027-LSS). On February 20, 2023 (the "Amr Petition Date," and collectively with the Optimum Petition Date, the "Petition Dates")), Amr filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Maryland (the "Bankruptcy Court") (Case No. 23-11097-LSS) (the "Bankruptcy Cases");

WHEREAS, on the Trustee was thereafter appointed as the trustee by the Office of the United States Trustee in the Bankruptcy Cases;

WHEREAS, the Debtors' Bankruptcy Cases are presently pending in the Bankruptcy Court;

### Background

WHEREAS, prior to the Petition Dates, the Debtor made various payments to Defendant within three years of the Petition Dates which the Trustee has asserted are subject to clawback pursuant to 11 U.S.C. §548 and related statutes (the "Clawback Claims")

WHEREAS, on February 15, 2025, the Trustee commenced a lawsuit against Defendant asserting the Clawback Claims, Adversary Proceeding 25-00046-LSS (the "Adversary Proceeding")

WHEREAS, in connection with the Clawback Claims, the Trustee and Defendant have asserted various claims and defenses and each denies liability to the other;

WHEREAS, the Trustee and Defendant desire to fully resolve and settle any all claims between them relating to, *inter alia*, the Clawback Claims on the terms set forth herein; and

WHEREAS, the Trustee and Defendant have negotiated and reached this Agreement in good faith.

## THE AGREEMENT

**NOW, THEREFORE,** in consideration of the mutual releases set forth herein and the payment of certain sums provided herein by Defendants to the Trustee, which the Trustee and Defendant agree is good and valuable consideration for the various covenants and understandings set forth in this Agreement, it is hereby agreed by the Parties as follows:

1. Settlement Payment: Defendant will pay to the Trustee the total sum of $12,500.00 (the "Payment"). The Payment shall be made payable to *Steven Greenfeld, Chapter 7 trustee for Optimum Construction, Inc.*, and sent to Justin P. Fasano, Esquire, McNamee Hosea, P.A., 6404 Ivy Lane, Suite 820, Greenbelt MD 20770, by making payments of $3,125 on September 18, 2026, October 2, 2026, October 16, 2026 and October 30, 2026. This Agreement shall be not be binding on the Trustee until the entry of a final and non-appealable order of the Bankruptcy Court approving the terms and conditions of the Agreement pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Final Order"). In the event that the Bankruptcy Court denies approval of this Agreement, then the Agreement shall be null and void, and the Payment (or any partial payment) shall be returned. Nothing contained herein shall require any Party to appeal disapproval of this Agreement. Within fifteen (15) calendar days following the Payment and approval of the Agreement, the Parties shall file a stipulation of dismissal of any pending litigation with prejudice. In the event the Agreement is not approved, the Parties shall agree to mutual extensions of the scheduling order in the adversary proceeding so as to allow further discovery. Any responsibility to respond to pending discovery requests shall be tolled until the Bankruptcy Court rules on the approval of this Agreement.

2. Release by Trustee: Upon receipt by the Trustee of the Payment in full and approval of this Agreement by the Bankruptcy Court, the Trustee, on behalf of the Debtor's estate, shall release and forever discharge Defendant from each and every right, claim, debt, cause of action, demand, suit for damages, liability, legal fee, act or right of action of any nature whatsoever, whether asserted or unasserted, known or unknown, that the Debtor or the Trustee made, could have made, or is able to make against Defendants arising under, relating to or concerning the Clawback Claims through the date hereof, provided that the foregoing release will not apply to any obligation arising under this Agreement or to claims arising from or relating to the breach of this Agreement. The release contained in this paragraph only applies to Defendants but does not release any other person. Upon the order approving this Agreement becoming final, the Parties shall stipulate to the dismissal of the Adversary Proceeding with prejudice.

3. Release by Defendant: Upon payment in full of the Payment and approval of this Agreement by the Bankruptcy Court, Defendant hereby releases and forever discharges (i) the Trustee, (ii) the Debtor, and (iii) the Debtor's estate, from each and every right, claim, debt, cause of action, demand, suit for damages, liability, legal fee, act or right of action of any nature whatsoever, whether asserted or unasserted, known or unknown, that Defendants d made, could have made, or is able to make against the Trustee, the Debtor, or the Debtor's estate arising under, relating to or concerning the Clawback Claims, including any claim against the Debtor's estate pursuant to 11 U.S.C. § 502(h), provided that the foregoing release will not apply to any obligation arising under this Agreement or to claims arising from or relating to the breach of this Agreement.

4. Predecessors, Successors, and Assigns: All persons or business entities granting releases hereby include any assignee, predecessor in interest, or successor in interest of the

4. Predecessors, Successors, and Assigns: All persons or business entities granting releases hereby include any assignee, predecessor in interest, or successor in interest of the respective grantor. All persons or business entities released hereby include any predecessor in liability or successor in liability for the released liability.

5. Reservation of Unrelated Claims: This Agreement shall not be extended to or construed as a release by the Trustee of anyone other than Defendants as set forth in Paragraph 2 above.

6. Understanding and Counsel: The Parties represent and warrant that (i) they have read and understand the terms of this Agreement, (ii) they have been represented by counsel with respect to this Agreement and all matters covered by and relating to it, (iii) they have entered into this Agreement for reasons of their own and not based upon representations of any other party hereto, and (iv) they have full authority and right to grant the releases expressed herein and to bind the parties in all respects to this agreement.

7. Legal Fees and Costs: Each of the Parties shall pay its own respective costs and attorneys' fees incurred with respect to the claims resolved by this Agreement and this Agreement.

8. Entire Agreement: This Agreement constitutes the entire agreement with respect to the subject matter addressed herein and supersedes any prior written and/or verbal agreements between the Parties.

9. Amendments: This Agreement may not be orally modified. This Agreement may only be modified in a writing signed by all of the Parties.

10. Headings: All headings and captions in this Agreement are for convenience only and shall not be interpreted to enlarge or restrict the provisions of the Agreement.

11. Construction: As used herein, the plural shall include the singular, and the singular shall include the plural, unless the context or intent indicates to the contrary. "Person" shall include natural persons, corporations, partnerships, and/or any other entity which by law is treated as or has the rights of a natural person.

12. Waiver and Modification: The failure of the Parties to insist, in any one or more instances, upon the strict performance of any of the covenants of this Agreement, or to exercise any option herein contained, shall not be construed as a waiver, or a relinquishment for the future of such covenant or option, but the same shall continue and remain in full force and effect.

13. Jurisdiction: By this Agreement, each of the Parties submits to the jurisdiction of the United States Bankruptcy Court for the District of Maryland for any action to enforce or interpret this Agreement, and consents to the entry of final orders and judgments thereby.

14. Counterparts and Facsimile Signatures: This Agreement may be executed in counterparts and all such counterparts when so executed shall together constitute the final Agreement as if one document had been signed by all of the Parties. This Agreement may be

executed by facsimile or pdf copy and each signature thereto shall be and constitute an original signature, again as if all Parties had executed a single original document.

15. Further Necessary Actions: To the extent that any document is required to be executed by any Party to effectuate the purposes of this Agreement, the Party will execute and deliver such document or documents to the requesting Party.

16. Actions to Enforce: Should any action be brought by one of the Parties to enforce any provision of this Agreement, the non-prevailing party to such action shall reimburse the prevailing party for all reasonable attorneys' fees and court costs and other expenses incurred by the prevailing party in said action to enforce.

17. Applicable Law: This Agreement shall be construed and interpreted in accordance with the laws of Maryland. This Agreement shall not be construed against any of the Parties, but shall be given a reasonable interpretation.

**The Bankruptcy Estate of Optimum Construction, Inc. and Amr Elrahimys**

By: Steven H. Greenfeld Dated: 9/11/2026

Name: Steven Greenfeld

Title: Chapter 7 Trustee

**Mohammad Raouf Elrahimy**

By: [signature] Dated: 9-10-26 Dated: __________